**STATE of Alaska and Municipality of Anchorage, Petitioners,**

v.

**Eloy GUARDERAS, Kent Ihde, and Joseph P. Bassett, Respondents.**

No. 3738.

Supreme Court of Alaska.

Jan. 26, 1979.

Valerie Leonard, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Allen M. Bailey, Municipal Pros., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for petitioners.

Carol A. Johnson, Birch, Horton, Bittner & Monroe, Anchorage, James M. Morgan, Johnson, Christenson & Glass, Inc., Anchorage, for respondents.

## OPINION

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

PER CURIAM.

In separate proceedings in the district court Guarderas, Ihde, and Bassett were each convicted of their second drunk-driving offenses.[1] In each case, the trial judge imposed sentences consisting of a fine, attendance at Alcohol Screening, a jail term, and a one-year license revocation. In each case, the defendant moved for a limited license under AS 28.15.210(b), and the motion was denied.

The cases were consolidated on appeal. In a memorandum decision, the superior court held that AS 28.15.210 grants discretion to the court to consider a limited license to a person on a second conviction for operating or driving a motor vehicle while under the influence of intoxicating liquor and remanded the cases for further proceedings.

The primary issue presented[2] is whether the superior court erred in its interpretation of AS 28.15.210, which sets forth the grounds for revocation of a driver's license and the circumstances under which a court may issue a limited license.

AS 28.15.210 provides:

MANDATORY REVOCATION OF LICENSE

---

1. Each defendant was convicted under either AS 28.35.030, or Anchorage Code of Ordinances § 9.28.020.

2. The state's appeal is from an interlocutory order which is not appealable under Appellate Rule 5. *State v. Browder,* 486 P.2d 925 (Alaska 1971). We therefore treat it as a petition for review under Appellate Rules 23 and 24.

(a) The following offenses are grounds for the immediate revocation of an operator's license:

(1) manslaughter or negligent homicide resulting from the operation of a motor vehicle;

(2) a felony in the commission of which a motor vehicle is used;

(3) failure to stop and give aid as required under the laws of this state when a motor vehicle accident results in the death or personal injury of another;

(4) perjury or the making of a false affidavit or statement under oath to the department under a law relating to the ownership or operation of a motor vehicle;

(5) operating or driving an automobile, motorcycle or other motor vehicle while under the influence of intoxicating liquor, dangerous or narcotic drugs.

(b) A court convicting a person of any of the offenses listed in (a)(1)–(4) of this section shall revoke the license unless the court determines that

(1) the person's ability to earn a livelihood would be severely impaired, and

(2) a limitation can be placed on the license which will enable the person to earn a livelihood without excessive risk of danger to the public.

(c) A court convicting a person of the offense specified in (a)(5) of this section shall revoke the license for a period of not less than 30 days for the first conviction, unless the court determines that the person, except for the nature of the offense, would otherwise be entitled to a limited license under (b) of this section. In that event, the court shall limit the person's license for the 30-day period. Subsequent convictions of a person for the offense specified in (a)(5) of this section shall result in the following periods of revocation by the court:

(1) not less than one year for the second conviction;

(2) not less than three years for a third or subsequent conviction.

■ The state claims that AS 28.15.210 allows the trial court no discretion to grant a limited license to drunk driving offenders upon their second and subsequent convictions. The state suggests that a reasonable reading of the statute dictates such a result. We agree.

AS 28.15.210(c) concerns the disposition of drunk driving cases. The pertinent language in subsection (c) reads:

Subsequent convictions of a person for the offense specified in (a)(5) of this section shall result in the following periods of revocation by the court:

(1) not less than one year for the second conviction;

(2) not less than three years for a third or subsequent conviction.

■ The key word here is "shall", and the legislature's use of that term excludes the idea of discretion. The other language of subsection (c), which allows the issuance of limited licenses under certain conditions, pertains expressly to "the first conviction," and thus by its terms is not applicable to second and subsequent convictions. Respondents' argument that the legislature's silence on the question of whether second or subsequent offenders may be granted limited licenses can be interpreted to include that option is unconvincing. On its face this statute is clear. The legislature has plainly chosen to distinguish between first-time convictions and subsequent convictions by providing increasingly severe penalties for subsequent convictions, and *requiring* revocation in those cases.[3]

■ Respondents also claim that a reading of AS 28.15.210 which denies the court the authority to grant limited licenses to persons with second and subsequent drunk driving convictions violates the United States and Alaska Constitutions. They claim, first, that a reading which accords different treatment to second and subsequent drunk driving offenders compared to all other offenders violates the equal pro-

---

**3.** The legislature has since passed several new sections dealing with this subject which are consistent with our reading of § .210(c). Ch. 178, SLA 1978.

tection clause. Secondly, respondents claim that the denial to second and subsequent drunk driving offenders of the opportunity to show that they are entitled to a limited license is a violation of the due process clause. We regard both claims as frivolous.

Reversed.